No. 13,153.

SCOTT ET AL *v.* BASS.
(28 P. [2d] 342)

Decided December 18, 1933.

Mr. LEROY J. WILLIAMS, for plaintiffs in error.

Mr. WM. L. BOATRIGHT, Mr. LELAND S. BOATRIGHT, for defendant in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

WALTER E. Scott and Annette E. Scott, his wife, were defeated in a suit brought by them against Russell A. Bass, and brought the case here by writ of error. Later Annette E. Scott died and their son, Walter E. Scott, Jr., was substituted for her as a plaintiff in error. For convenience, we shall refer to the husband and wife as the Scotts.

On May 3, 1930, Bass, who owned certain improved lots in Central City, entered into a contract with the Scotts whereby he agreed to sell and convey the property to them. On the front of the lots was a frame house and on the rear a brick house. The contract contained this reservation: "Reserving to the party of the first part [i. e. Bass] the use and occupation of the brick house located on the northern part of the above described premises for a period of four years free of rent; Provided, however, that such use and occupation shall not, in any manner, discommode or inconvenience the said parties of the second part [i. e. the Scotts] in the enjoyment of their use and occupation of the said premises." The contract also contained this provision: "It is further agreed that if the said parties of the second part at any time after two years make a bona fide sale of said premises then and in that case the said party of the first part will surrender possession of the said brick house to such purchaser or purchasers." In due time a deed of the property was executed and delivered. The deed contained the provisions quoted above. The Scotts entered into possession of the frame house and Bass entered into, or remained in, possession of the brick house.

On May 28, 1931, the Scotts notified Bass that his use and occupation of the brick house discommoded and inconvenienced them in the enjoyment of their use and occupation of the premises, and demanded possession of the house. Bass refused to comply with the demand, whereupon the Scotts sued for possession.

It is claimed that the Scotts were discommoded and inconvenienced, not by any act or omission on the part of Bass, or by reason of the manner in which he used the brick house, but solely by reason of the fact that the Scotts concluded that they would like to use the brick house as a garage and woodshed and as a place to store household goods.

The right to occupy the brick house was a part, and

a very substantial part, of the consideration for the conveyance of the property, and Bass cannot be deprived of that right unless in some way he is at fault, except upon a sale of the property, and there was no sale. It was the agreement that he should have the right to occupy the house; it was contemplated that he should use it in the customary way and not in a way that would discommode or inconvenience the Scotts. The mere fact that while Bass occupies the house the Scotts cannot use it as a garage, woodshed and storage room gives the Scotts no right to remove him. Suppose that a week after receiving the deed the Scotts had an opportunity to rent the brick house to some other tenant for a substantial rental. They could not successfully contend that because of that fact they were entitled to oust Bass from the house on the ground that they were discommoded and inconvenienced by Bass's use and occupation of the house free of rent. It is not in that sense that the words "discommode or inconvenience" were used in the contract. The only case in which Bass can be deprived of possession within the four-year period, without fault on his part, is by the bona fide sale of the property by the Scotts; that contingency being expressly provided for in the contract and the deed.

The judgment is right. It is affirmed.

Mr. Chief Justice Adams and Mr. Justice Holland concur.